# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PRITCHETT,<br><br>    Plaintiff,<br> v.<br><br>CAMDEN COUNTY JAIL,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-09392 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

John Pritchett, Plaintiff Pro Se
3018 N. Congress Road
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

 1. Plaintiff John Pritchett seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

 2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the Complaint with prejudice in part and dismiss without prejudice in part. The Complaint: (a) is dismissed with prejudice as to claims made against defendant CCJ, (b) is dismissed without prejudice for failure to state a claim regarding false arrest / false imprisonment claims, and (c) is dismissed without prejudice for failure to state a claim regarding conditions of confinement claims for alleged overcrowding. 28 U.S.C. § 1915(e)(2)(b)(ii).

## **Standard of Review**

4. To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### **Claims Against CCJ: Dismissed With Prejudice**

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

### **False Arrest/ False Imprisonment Claims: Dismissed Without Prejudice**

8. The Complaint must be dismissed without prejudice for failure to state of claim regarding false arrest/ false imprisonment claims.

9. With respect to the false arrest/ false imprisonment claims, Plaintiff states, "I was taken in for questioning and was never let out on something someone else did." Complaint § III. Further, plaintiff states he was ultimately never charged after being detained. *Id.*

10. These allegations can be construed as seeking to bring a civil rights complaint for alleged false arrest/ false imprisonment. There are two elements for assertion of a prima facie claim for false arrest: (1) constraint of the person against his will (2) that is without legal justification. *Gibson v. Superintendent of NJ Dep't of Law and Public Safety-Division of State Police*, 411 F.3d 427, 451 (3d Cir. 2005).

11. Here, Plaintiff has failed to set forth sufficient facts from which this Court can reasonably infer that his arrest and detention was without legal justification, as required for assertion of a claim for false arrest / false imprisonment. *Gibson*, 411 F.3d at 451.

12. Plaintiff's Complaint contains scant, if any, facts pertaining to his alleged false arrest, other than his suggestion that the charge against him lacked merit. Complaint §

V ("I was taken in for questioning and was never let out on something someone else did."). As such, Plaintiff does not sufficiently plead a claim for false arrest / false imprisonment. Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive sua sponte screening. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

13. Plaintiff may be able to amend the Complaint to particularly set forth facts from which the Court can infer that his arrest was not legally justifiable. To that end, the Court shall grant Plaintiff leave to amend the Complaint if Plaintiff is able to state specific grounds for his false arrest claim against an officer or officers or against the municipality of the arresting authority.

14. Any amended complaint may not name the police department as a defendant, but it may name the municipality of the police department whom arrested him if Plaintiff claims that the municipality had an unconstitutional policy or practice that was a cause of his unlawful arrest. "[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part" (*Jackson v. City of Erie Police Dep't*, 570 F. Appx. 112, 114 n.2 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 694)). Accordingly, Plaintiff must plead facts showing that the relevant arresting municipality policy-

makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original). In other words, Plaintiff must set forth facts supporting an inference that the town itself was the "moving force" behind an alleged constitutional violation by PHP. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 689 (1978).

15. As Plaintiff may be able to amend his Complaint to address the deficiencies noted by the Court as to his false arrest claim, the Court shall grant Plaintiff leave to amend the complaint.

### Conditions Of Confinement Claims- Overcrowding: Dismissed Without Prejudice

16. The Complaint must be dismissed without prejudice for failure to state of claim regarding overcrowded conditions of confinement.

7

17. With respect to alleged facts giving rise to her condition of confinement claims, Plaintiff states: "I would like the court to compensate me on sleeping on the floor, using dirty toilets, dirty showers, depression [sic] course by abuse." Complaint § V.

18. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

19. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

20. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint.[3]

21. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement, including the dates. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation

---

[3] The amended complaint shall be subject to screening prior to service.

has occurred in order to survive this Court's review under § 1915.[4]

22. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order.

---

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to December 20, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it shall be limited to confinements in which Plaintiff was released after December 20, 2014.

## Conclusion

23. For the reasons stated above, Plaintiff's Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim

24. An appropriate order follows.


**May 31, 2017**                **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge